

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/19/2013

| | | |
|---|---|---|
| IN RE: | § | |
| JOYCE M. BRATCHER | § | CASE NO: 08-36225 |
| Debtor(s) | § | |
| | § | CHAPTER 13 |

## MEMORANDUM OPINION

Ms. Bratcher's postpetition settlement award is property of the estate under section 1306 of the Bankruptcy Code. Ms. Bratcher's Motion for Leave to Amend Schedule C to include $10,630.00 of the $16,063.80 settlement proceeds as exempt property pursuant to § 522(d)(5) is granted. Trustee's Motion to Modify the Plan is granted to provide that the remaining $5,433.80 of nonexempt settlement proceeds will be distributed to the general unsecured class of creditors.

## Background

On October 1, 2008, Joyce Bratcher filed for Chapter 13 bankruptcy. (ECF No. 1). Ms. Bratcher's chapter 13 plan was confirmed on December 12, 2008. (ECF No. 25). On March 15, 2009, Ms. Bratcher suffered personal injuries in a car accident. (ECF No. 60). On January 11, 2011, this Court issued an order authorizing Simmons & Fletcher to represent Ms. Bratcher in connection with the personal injury cause of action arising from the March 15, 2009 car accident. (*Id*). On June 14, 2013, the Court authorized the settlement of the personal injury claim for $51,000. (ECF No. 138). The Court ordered the following distribution of the $51,000 settlement award: $34,186.20 paid to Simmons & Fletcher, $750 paid to Baker & Associates, and the remaining $16,063.80 paid to the Chapter 13 Trustee. (*Id*).

On June 11, 2013, the Chapter 13 Trustee filed a Motion to Modify the Plan to increase the distribution to the unsecured class of creditors based on the $16,063.80 settlement award. (ECF No. 134). On the same day, Ms. Bratcher filed a Motion for Leave to Amend Exemptions

to include $10,630.00 of the $16,063.80 proceeds as exempt property on Schedule C.  (ECF No. 135).  In response to Ms. Bratcher's motion, the Chapter 13 Trustee filed an objection to the proposed amended claim of exemptions based on the doctrine of estoppel.  At the hearing on July 29, 2013, the Court considered the following issues relating to these motions: First, with regards to the Trustee's estoppel theory, whether Ms. Bratcher was required to amend Schedule B to reflect the postpetition personal injury cause of action.  Second, whether a debtor's postpetition personal injury cause of action is property of the estate under section 1306 of the Bankruptcy Code.

### Trustee's Objection to Claimed Exemption Overruled

The Chapter 13 Trustee asserts that the doctrine of estoppel should prevent Ms. Bratcher from claiming any portion of the settlement proceeds as exempt property under § 522(d)(5).  (ECF No. 140).  At the July 29 hearing, the Court orally denied trustee's motion to disallow the claimed exemption and found that Ms. Bratcher did not engage in any bad faith conduct.

Ms. Bratcher informed the trustee and all creditors of the postpetition cause of action when Simmons & Fletcher filed a motion to be employed as special counsel for the matter on December 1, 2010.  (ECF No. 57).  This motion was granted and notice was served on the Trustee and all creditors. (ECF No. 60).  Ms. Bratcher then filed a motion to compromise the lawsuit on May 2, 2013.  Finally, on June 11, 2013, Ms. Bratcher filed a Motion for Leave to Amend Exemptions, along with an amended Schedule B to reflect the $16,063.80 in settlement proceeds (which had not yet been received) and an amended Schedule C to include $10,630.00 of the settlement proceeds as exempt property. (ECF No.'s 135-136).

The Chapter 13 Trustee argued that Ms. Bratcher should be estopped from claiming the exemption because of her failure to amend Debtor's Schedule B (Personal Property) and

Schedule C (Property Claimed as Exempt) in a timely manner. However, there is no explicit provision in the Bankruptcy Code or Rules that requires Ms. Bratcher to disclose postpetition assets on these schedules. *See* 8 COLLIER ON BANKRUPTCY ¶ 1306.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("There is no requirement that property coming into the estate only due to 1306(a) be listed in the schedules; obviously such a requirement would be unworkable, since the debtor's schedules would have to be amended to reflect each paycheck or acquisition of each property, as well as every expenditure."). The 11th Circuit made it clear in *In re Waldron* that there is no duty to disclose postconfirmation assets: "We do not hold that a debtor has a free-standing duty to disclose the acquisition of any property interest after the confirmation of his plan under Chapter 13. Neither the Bankruptcy Code nor the Bankruptcy Rules mention such a duty." *In re Waldron*, 536 F.3d 1239, 1246 (11th Cir. 2008).

Even if there were a duty to disclose a postpetition personal injury cause of action, Ms. Bratcher likely would have fulfilled such duty by filing the following three motions, each of which put the Trustee and all creditors on notice: (1) the December 1, 2010 motion to employ Simmons & Fletcher, P.C. as counsel for the personal injury cause of action; (2) the May 2, 2013 motion to approve compromise of the claim in the amount of $51,000; (3) the June 11, 2013 motion to amend debtor's exemption schedule. The Trustee's objection to the claimed exemption is overruled.

## Property of the Estate under Section 1306

Section 541(a) defines what is included in the property of the bankruptcy estate. Estate property generally consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a).

Sections 1306(a) and 1327(b) of the Code expand the definition of property of the estate in a Chapter 13 case:

> Property of the estate includes, in addition to the property specified in section 541 of this title-
>
> (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and
>
> (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

11 U.S.C. § 1306(a).

Section 1327(b) returns some property of the estate to the debtor upon confirmation of the plan, *unless the plan provides for the property to be retained in the estate*: "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1327(b).

In this case, the confirmed plan provided that property would vest only upon the conclusion of the plan.

## Analysis

### A.  Meaning of "all property. . .that the debtor *acquires*"

A key issue in this case is whether § 1306(a) captures the debtor's post confirmation settlement proceeds resulting from a car accident.  There is no question that the settlement

proceeds received from debtor's personal injury lawsuit is "property of the kind specified in such section [541]" and that the property was received "after the commencement of the case but before the case is closed."  The question presented is whether the debtor *acquires* property within the meaning of § 1306 when receiving a settlement award from a personal injury lawsuit. Under these facts, the award is estate property.

Courts have expansively interpreted the meaning of "all property… that the debtor acquires" to include postpetition windfalls such as inheritances and lottery winnings received by the debtor. *See, e.g., Matter of Lybrook*  951 F.2d 136 (7th Cir. 1991) (postconfirmation inheritance was part of the Chapter 13 estate); *See also In re Cook* 148 B.R. 273 (Bankr.W.D.Mich.1992) (debtors' postconfirmation winnings of $6,000,000 in Michigan State Lottery, with annual payments of $226,000, became property of the estate).  The acceptance of a gift has also been held to be an active acquisition. *In re Leung,* 356 B.R. 317, 322 (Bankr.D.Mass.2006) ("To the extent that 'acquired by the debtor' requires an affirmative action, I find that the Debtor acquired an interest because he accepted delivery of the deed and then made the affirmative step to declare a homestead.").

This case is similar to a line of Chapter 13 cases involving postpetition causes of action for violations of the stay.  In each of these cases, the Court held that the debtor's postpetition cause of action against a creditor for violating the automatic stay is property of the Chapter 13 estate.  *See, e.g., Price v. United States,* 42 F.3d 1068, 1072 (7th Cir.1994); *United States v. McPeck,* 910 F.2d 509, 513 (8th Cir.1990); *Koehler v. Iowa College Student Aid Comm'n (In re Koehler),* 204 B.R. 210, 219 (Bankr. D.Minn.1997); *Flynn v. Internal Revenue Serv. (In re Flynn),* 169 B.R. 1007, 1016 (Bankr. S.D.Ga.1994); *In re Solis,* 137 B.R. 121, 126 (Bankr.S.D.N.Y.1992); *In re Cox*, 214 B.R. 635, 649 (Bankr. N.D. Ala. 1997); *In re Brown* 159

B.R. 1014, 1019 (Bankr. S.D. Ga. 1993) (holding that a cause of action for violation of the stay during the bankruptcy case was property of the estate whereas a cause of action for violation of the discharge injunction was not property of the estate as it accrued after the case closed). Similar to Ms. Bratcher's personal injury cause of action, the debtors in these cases were the victims of post-petition tortious conduct (unlawful collection attempts by creditors).

This Court finds no reason to treat a postpetition cause of action arising from an automobile accident differently from a postpetition cause of action for violation of the automatic stay. The case law is settled that automatic stay violation claims are property of the estate under section 1306. Accordingly, this Court finds that Ms. Bratcher's settlement proceeds are property of the estate.

### B. Debtor's Alternative Request for Bifurcating Settlement Proceeds

Debtor relies on *In re Waldron*, 536 F.3d 1239 and *In re Sciarrino*, 2013 WL 3465920 (Bankr.. M.D. Fla.) for the argument that the settlement proceeds should be bifurcated so that the amount attributable to property damage should be vested in the debtor and only the remaining amount should be deemed property of the estate. (ECF No. 154 at 2-3). In *In re Waldron*, 536 F.3d 1239, the 11th Circuit dealt with this post confirmation chapter 13 property of the estate issue under nearly identical facts. In *Waldron*, Mr. Waldron also suffered personal injuries from an automobile collision after filing for bankruptcy but before completing his chapter 13 payment plan. (*Id*. at 1241). The bankruptcy court approved the settlement of Mr. Waldron's claims against the other driver. The bankruptcy court ruled (affirmed by both the district court and appellate court) that Mr. Waldron's post confirmation claims were property of the estate under section 1306. However, instead of determining the breadth of the word "acquires," the *Waldron*

court came to this conclusion after analyzing the interplay between 1306 and 1327, a legal issue that is not relevant to this case.

*In re Waldron* and *In re Sciarrino* address the post confirmation vesting issue that arises from the interplay between §§ 1306(a) and 1327(b).  Section 1327(b) provides, *"[e]xcept as otherwise provided in the plan* or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1327(b) (emphasis added).  In other words, the vesting issue relating to how to reconcile §§ 1306(a) and 1327(b) only arises in the event that the confirmation plan does not address vesting of the property of the estate.  Section 1322(b)(9) says that the confirmation plan may "provide for the vesting of property of the estate in the debtor upon confirmation of the plan or at a later time, in the debtor." § 1322(b)(9).  The Chapter 13 confirmation plan in this case specifically addresses vesting:

> **14. Discharge and Vesting of Property.** The debtor(s) will be granted a discharge in accordance with § 1328. Property of the estate shall vest in the debtors upon entry of the discharge order.

(Case No. 08-36225, ECF No. 6 at 5).

This provision makes it clear that the property of the estate does not vest in the debtor until entry of the discharge. All property acquired by the debtor, including post confirmation property, is property of the estate until entry of the discharge order.  Regardless of how the Court interprets §§ 1306(a) and 1327(b), the settlement proceeds from the accident are property of the estate.

There are three basic interpretations of the interplay between §§ 1306(a) and 1327(b) of the Bankruptcy Code.  Under the first approach, the "vesting" at confirmation extinguishes the estate and all property not accounted for in the confirmation plan vests in the debtor. *See, e.g., Oliver v. Toth (In re Toth),* 193 B.R. 992 (Bankr.N.D.Ga.1996).  The second interpretation is that

in the absence of a confirmation plan, any property (including property acquired post confirmation) not necessary for payments to the chapter 13 trustee vests in the debtor upon confirmation of the plan. *See, e.g., Black v. United States Postal Serv.* (*In re Heath*), 115 F.3d 521, 524 (7th Cir.1997). This Court adopted the third interpretation (11th Circuit and majority view) that confirmation vests the property of the estate in the debtor at the time of confirmation, but not for property acquired by the estate under section 1306 *after* confirmation:

> While the case is pending, the post-petition property ... [is] added to the estate until confirmation, the event that triggers [section] 1327(b) and "vests" the property of the estate in the debtor. That is, the property interests comprising the pre-confirmation estate property are transferred to the debtor at confirmation, and this "vesting" is free and clear of the claims or interests of creditors provided for by the plan, [section] 1327(b), (c). Finally, the property of the estate once again accumulates property by operation of [section] 1306(a) until the case is "closed, dismissed, or converted."

*In re Rodriguez* 432 B.R. 671, 680 (S.D. Tex. 2010) (citing *In re Waldron,* 536 F.3d 1239, 1243 (11th Cir.2008). Debtor argues that the *Waldron* decision to include the claim as property of the estate turned on a finding that the uninsured motorist claim was an "entirely new property interest." (ECF No. 154 at 2). Based on this "new property interest" distinction, the debtor requests that the Court bifurcate the settlement proceeds as follows: "(i) one portion attributable to the property depreciation suffered as a result of the vehicle damage [which would not qualify as a "new property interest" and therefore should not be included in the property of the estate] and (ii) the remaining amounts constituting the 'new property interest' coming into the estate and subject to exemption pursuant to Section 522." (ECF No. 154 at 3). This Court rejects the argument that the *Waldron* decision somehow compels this Court to bifurcate the settlement proceeds. The *Waldron* Court referred to "new property interest[s]" as "[n]ew assets that a debtor acquires unexpectedly after confirmation" for purposes of reconciling the interplay between 1306(a) and 1327(b): That post confirmation assets come into the property of the estate

8 / 10

under section 1306, and prepetition assets re-vest in the debtor under 1327(b). *In re Waldron*, 536 F.3d 1239, 1243 (11th Cir. 2008). There's no question that the settlement proceeds are a "new property interest" because the events giving rise to the cause of action occurred after confirmation of the plan.

Even if this Court were to ignore the vesting provision in the plan and bifurcate the settlement proceeds by excluding the property damage portion on the theory that this portion is not a "new property interest," the outcome would be the same. No evidence has been shown to suggest that any portion of the $51,000 was derived from property damage to debtor's vehicle. (ECF No. 124). In fact, in debtor's motion requesting the court to authorize debtor to compromise the claim, the debtor represented that the $51,000 settlement amount was calculated based upon debtor's medical expenses in the amount of $16,779.29.[1] There was no mention of property damages figured into this calculation.

Nor is there any reason to hold a separate bifurcation hearing on the settlement proceeds. Section 522(b) allowed Ms. Bratcher to choose the exemptions afforded by state law or the federal exemptions listed in § 522(d). Ms. Bratcher elected the federal exemptions under § 522(d). (ECF No. 5 at 7). Section 522(d)(2) allows the debtor to claim an exemption interest of up to $3,225 in value in one motor vehicle. On Schedule C, Ms. Bratcher claimed a $0 interest in her 2008 Toyota Avalon XL Sedan 4d. (ECF No. 5 at 8). The Supreme Court has held that the "property" a debtor may claim as exempt if federal exemptions are claimed is the debtor's "interest" up to a specified dollar amount in the assets described in the category, *not* in the assets themselves. *Schwab v. Reilly*, 560 U.S. 770, 130 S. Ct. 2652, 2655, 177 L. Ed. 2d 234 (2010). Therefore, the "Property Claimed As Exempt" on Schedule C is the $0 "interest" that Ms.

---

[1] "Based on the amount of medical bills, special counsel has advised the Debtor that the $51,000 settlement is a good offer and approximately what they are likely to receive from a jury." (Case No. 08-36225, ECF No. 124 at 3).

Bratcher listed under "Value of Claimed Exemption" in the automobile, not the automobile itself. This distinction is important because Property claimed as exempt will be excluded from the bankruptcy estate "unless a party in interest objects" within a certain 30 day period. Fed. Rule. Bankr. Proc. 4003(b). Under *Schwab*, Ms. Bratcher's exemption interest is limited to the $0 amount listed in column 3 of Schedule C. Even if a portion of the $51,000 settlement was derived from damage to the automobile, there is no reason to hold a bifurcation hearing because any amount attributable to property damage would be property of the estate.

For the foregoing reasons, this Court rejects debtor's request to bifurcate the settlement award by apportioning some of the proceeds as debtor's property and treating the remainder as estate property.

### Motion for Leave to Amend Exemptions Schedule Granted

The Court grants Ms. Bratcher's Motion for Leave to Amend Schedule C (Exemptions) to include $10,630.00 of the $16,063.80 proceeds as exempt property pursuant to § 522(d)(5).

### Trustee Motion to Modify Granted

Pursuant to § 1329(a)(1), the Court grants the trustee's motion to modify the plan to capture the remaining nonexempt portion of the settlement proceeds in the amount of $5,433.80. Therefore, the total amount distributed to the unsecured class of creditors should be adjusted to reflect an increase of $5,433.80.

### Conclusion

The Court will enter an order consistent with this Memorandum Opinion.

SIGNED **September 19, 2013.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE